IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 cr 9-2

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DENISE ANN SMITH. | ) | |
| _____ | ) | |

Before the Court is a Motion to Enforce Compliance with a Subpoena [# 29], Motions to Quash the Subpoena Duces Tecum [# 53, # 56], and the Motion to Quash the Subpoena ad Testificandum [# 55].

**Procedural Background.** On February 6, 2018, the grand jury returned an indictment charging Defendant with making false statements in connection with the purchase of a firearm, in violation of 18 U.S.C. § 922(a)(6). On March 27, 2018, Defendant filed an ex parte Motion for a Subpoena Duces Tecum [# 24]. In the Motion, Defendant sought two-years' worth of 4473 forms from American Tactical and Pawn (ATP). After the Court issued the Subpoena [*see* # 25], Adam Queen, general manager of ATP, stated that he had wished to comply with the subpoena but was forbidden to hand over the records. On April 12, 2018, Defendant filed a Motion to Comply with the Subpoena [# 29].

On April 18, 2018, the Court held a show cause hearing regarding Defendant's Motion to Comply. On April 19, 2018, the Court entered an Order directing Queen to send a copy of a limited number of the requested 4473 forms to the Court for in camera review [# 32]. Further, the Court directed Defendant to file an ex parte brief outlining the defense strategy and the need for the forms [# 32].

Upon review of the 4473 forms and Defendant's brief, the Court sua sponte ordered that both ATP and Queen must retain counsel or request appointment of such counsel [# 43]. The Court had become concerned with potential violations of Fifth Amendment rights [Id.]. The Court then set a hearing for July 12, 2018 [Id.]. On June 12, 2018, the Court appointed counsel for ATP and Queen. On June 20, 2018, the Court granted Defendant's Motion for a Subpoena ad Testificandum [# 48], ordering Defendant's co-defendant Brandon Randall appear at the July 12th hearing. On July 3, 2018, Queen filed his Motion to Quash [# 53]. On July 5, 2018, co-defendant Randall filed his Motion to Quash [1:18-cr-9-1 # 55].[1] On July 6, 2018, ATP filed its Motion to Quash [# 56]. On July 12, 2018, the Court held a hearing and heard argument on these Motions.

**Legal Standards: Federal Rule of Criminal Procedure 17.** Rule 17(c) provides the procedure available for the issuance of a subpoena duces tecum. Fed. R. Crim. P. 17(c). Further, Rule 17 states that if a Defendant shows "an inability to pay" and "the necessity . . . for an adequate defense," then the fees associated with a subpoena will be paid "in the same manner as those paid for" by the Government. Fed. R. Crim. P. 17(b). Rule 17(c), however, is not intended "to give a right of discovery in the broadest terms." Bowman Dairy Co. v. U.S., 341 U.S. 214, 220 (1951). Thus, the Supreme Court held in *United States v. Nixon*, 418 U.S. 683 (1974), that pretrial production of evidence is only appropriate where a moving party can show:

    (1) that the documents are evidentiary and relevant;

    (2) that they are not otherwise procurable reasonably in advance of trial by

---

[1] The Court notes that this Motion should have been filed in Defendant Smith's case.

exercise of due diligence;

(3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and

(4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

Id. at 699. "[T]he decision whether to require production of the requested documents pre-trial rests ultimately within the sound discretion of the district court." U.S. v. Beckford, 964 F. Supp. 1010, 1022 (E.D. Va. 1997).

Finally, Rule 17 allows for the quashing of a subpoena duces tecum "on motion made promptly . . . if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(1).

**Analysis.** Motions to Quash Subpoena Duces Tecum. When Defendant initially requested the 4473 forms, the basis was for gathering evidence to potentially show ATP could not have been deceived by a false statement because it had been in the business of selling to "straw purchasers." Thus, the thrust for obtaining the forms was to see if there had been other straw purchases, which would tend to corroborate Defendant's theory that she could not have deceived a licensed dealer [*see* # 33]. Defendant also brought forth a theory that ATP knew co-defendant Randall and this specific scheme [Id.]. Additionally, Attorney Foster stated that "[t]wo witnesses to the transaction will testify that both persons present in the store greeted Mr. Randall warmly when Mr. Randall entered the store. Both will testify that the employees saw Mr. Randall hand the money for the sale to Ms. Smith in the store." [Id.].

Initially, Defendant wanted two-years' worth of 4473 forms. Finding this too broad, the Court only required Adam Queen provide 4473 forms for the thirty days prior to Defendant Smith's alleged straw purchase [# 32]. Upon review of the forms, the Court could only conclude Defendant's counsel sought the 4473 forms so that he could call anyone who purchased a firearm at ATP and ask if the sale had been a straw purchase. Further, the Court found the forms to contain a wealth of information outside the purchaser's phone number and address.

At the July 12, 2018, hearing, Defendant seemed to change strategy and focus on attacking the Government's evidence of Defendant's intent. Regardless, Defendant called one ATP employee who was present during the sale of a firearm to Defendant Smith. The witness' testimony was not fruitful and did not seem to implicate any scheme by ATP to commit straw purchases generally or tend to show that anyone at ATP knew co-Defendant Randall and this specific straw purchase scheme. Defendant also submitted into evidence a DOJ Alcohol, Tobacco, Firearms and Explosives Report that summarized Smith buying the firearm [Def. Ex. 1]. Again, this summary did not implicate any scheme by ATP to commit straw purchases. Defendant did not offer a second witness (or any witness) that testified as Attorney Foster had previously stated would [*see* # 33].

After reviewing the briefs and testimony at the hearing, the Court has determined to reevaluate Defendant's subpoena for 4473 forms under *Nixon*. First, the Court finds the forms are at best remotely relevant. Specifically, they do not relate to any transaction or person who is under the bill of indictment in this case. Second, the Court does find that the forms are not otherwise procurable reasonably in advance of trial by exercise of due

diligence. Third, it appears that Defendant's defense does not rest solely or even heavily with these forms.

Fourth—and most apparent to the Court—it appears Defendant is attempting a fishing expedition. At the hearing, the Court even confirmed its suspicion that Defendant sought the forms with the strategy of calling each individual person who bought a firearm from ATP to inquire whether it was a straw purchase. Each call would be Defendant's counsel casting a lure and attempting to reel in a big one. To the Court, this appears an attempt for discovery in the broadest terms. While Rule 17 has been amended so that defendants do not have to reveal their trial strategies to the Government, there remains a standard whereby a defendant must show relevancy, admissibility, and specificity. Beckford, 964 F. Supp. at 1016, 1022. The Court finds Defendant has failed this showing regarding the Subpoena Duces Tecum [*see* # 25].

Motion to Quash Subpoena ad Testificandum. On June 20, 2018, the Court granted the issuance of a subpoena for the testimony of co-defendant Brandon Randall at the July 12th hearing [# 48]. On July 5, 2018, co-defendant Randall filed a Motion to Quash the Subpoena [1:18-cr-9-1 # 55]. Co-defendant Randall averred he would be taking his Fifth Amendment privilege [Id.]. The Court decided to hear the Motion on the same date as the July 12th hearing along with the other motions to quash. The Court found that co-defendant Randall appeared and invoked his Fifth Amendment privilege to not testify at the hearing.

**Conclusion.** The Court **GRANTS** the Motions to Quash the Subpoena Duces Tecum [# 53, # 56] in that the Motion to Enforce Compliance with a Subpoena [# 29] is **DENIED** and the Subpoena [*see* # 25] is **QUASHED**.

Further, the Court **GRANTS** co-defendant Randall's Motion to Quash [1:18-cr-9-1 # 55] based on Randall asserting his Fifth Amendment privilege to not testify. The Subpoena [*see* # 48] is **QUASHED**.

Signed: July 17, 2018

Dennis L. Howell
United States Magistrate Judge